UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60571-STRAUSS

**SHARNA PIERRA DESVARENNES,**

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") [DE 11] and Defendant's Motion for Summary Judgment ("Defendant's Motion") [DE 14]. I have reviewed both motions and all other pertinent portions of the record. For the reasons discussed herein, Plaintiff's Motion [DE 11] will be **GRANTED** and Defendant's Motion [DE 14] will be **DENIED**.

Plaintiff contends that the Commissioner's decision denying Plaintiff's application for supplemental security income should be reversed and remanded for two separate reasons. The Court agrees with the second reason Plaintiff espouses[1] – that is, the ALJ erred at step five of the sequential evaluation.[2]

---

[1] Therefore, the Court does not address Plaintiff's first contention of error.

[2] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." (citations omitted)).

Step five "asks whether the claimant can perform a job that exists in significant numbers in the national economy given her vocational profile." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020). While the claimant bears the burden at the first four steps of the sequential evaluation, the burden shifts to the Commissioner at step five to show "the existence of . . . jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Id.* at 1278-79 (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). If the Commissioner satisfies his step-five burden, "the burden shifts back to the claimant to prove she is unable to perform the jobs suggested." *Id.* at 1279 (quoting *Hale*, 831 F.2d at 1011).

"The SSA's burden is 'in almost all cases satisfied only through the use of vocational expert ["VE"] testimony.'" *Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1316 (11th Cir. 2024) (quoting *Chester v. Bowen*, 792 F.2d 129, 132 (11th Cir. 1986)). VEs "are professionals under contract with SSA to provide impartial testimony in agency proceedings." *Biestek v. Berryhill*, 587 U.S. 97, 100 (2019); *see also Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.1 (11th Cir. 2018) ("At the hearings and appeals levels of Social Security proceedings, [VEs] are vocational professionals who provide impartial expert opinions either by testifying or by providing written responses to interrogatories." (citing SSR 96-9p, 1996 WL 374185 (July 2, 1996))). The inquiry, in assessing the testimony of VEs at Social Security hearings, "is case-by-case." *Goode*, 966 F.3d at 1281 (quoting *Biestek*, 587 U.S. at 108). "A case-by-case approach 'takes into account all features of the [VE's] testimony, as well as the rest of the administrative record.'" *Id*. (quoting *Biestek*, 587 U.S. at 108).

Here, the VE who testified at Plaintiff's hearing before the ALJ testified that Plaintiff is able to perform three jobs: (1) taper, printed circuit layout (DOT # 017.684-010); (2) table worker (DOT # 739.687-182); and (3) loader, semi-conductor dies (DOT # 726.687-030). Tr. 43. The

VE testified that these jobs have 4,985, 26,318, and 23,425 positions in the national economy, respectively.  Tr. 43.  The VE did not disclose the sources he relied on or the methodology he employed to determine the number of available positions for the three jobs, and neither Plaintiff's counsel nor the ALJ inquired at the hearing regarding the VE's sources or methodology.

A few months after the hearing, but before the ALJ issued her decision, Plaintiff's counsel sent a letter to the ALJ "object[ing] to the [VE's] testimony and the national job numbers provided by the" VE.  Tr. 268.  In that letter, Plaintiff's counsel stated that two "administratively noticed job publications" – the County Business Patterns and the Occupational Outlook Handbook[3] – "reveal that the job numbers given by the [VE] at the hearing [were] vastly overstated."  Tr. 268.  Plaintiff's counsel attached reports to the letter indicating – based on the two publications – that the three jobs identified by the VE only had 137, 1,224, and 660 positions in the national economy, respectively.  Tr. 268-73.  In other words, whereas the VE testified that the three jobs collectively had nearly 55,000 positions in the national economy, Plaintiff's reports indicated that the collective number of positions for the three jobs in the national economy was approximately 2,000.  Consequently, Plaintiff's counsel requested that the ALJ ascertain the methodology and job data sources that the VE used.  Tr. 269.  Plaintiff's counsel also requested that the ALJ schedule a supplemental administrative hearing once the VE provided the requested information.  Tr. 269-70.

On March 28, 2024, roughly two weeks after the submission of the letter from Plaintiff's counsel, the ALJ issued her unfavorable decision, finding that Plaintiff was not disabled.  Tr. 8-

---

[3] *See* 20 C.F.R. § 404.1566(d) ("*Administrative notice of job data*. When we determine that unskilled, sedentary, light, and medium jobs exist in the national economy (in significant numbers either in the region where you live or in several regions of the country), we will take administrative notice of reliable job information available from various governmental and other publications. For example, we will take notice of . . . (2) *County Business Patterns*, published by the Bureau of the Census . . . [and] (5) *Occupational Outlook Handbook*, published by the Bureau of Labor Statistics.").

3

22. At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. 21.  In so finding, the ALJ relied on the VE's testimony that Plaintiff can perform the three jobs discussed above, and the ALJ relied on the job numbers provided by the VE (4,985, 26,318, and 23,425 positions). Tr. 21.  In doing so, the ALJ overruled Plaintiff's objection "to these job numbers on the ground that the [VE's] methodology for determining numbers of jobs is not reliable." Tr. 21.  The ALJ overruled the objection because Plaintiff's counsel "had an opportunity to cross examine the" VE and because the VE "has professional knowledge and experience in job placement." Tr. 21.  Additionally, the ALJ noted that while she considered Plaintiff's argument, she found "that a variation in job numbers can be expected based on a [VE's] methodologies, sources, and experiences." Tr. 21.  Consequently, the ALJ concluded that the job information the VE provided was reliable. Tr. 21.

In her motion, Plaintiff argues that the ALJ erred by failing to properly consider Plaintiff's post-hearing letter showing that the VE's job numbers were vastly overstated.  The Court agrees.[4]  As indicated in the preceding paragraph, the ALJ essentially offered three reasons for declining to consider the *substance* of Plaintiff's post-hearing arguments (i.e., the conflicting job numbers Plaintiff provided): (1) Plaintiff's counsel "had an opportunity to cross examine the" VE; (2) the VE "has professional knowledge and experience in job placement"; and (3) "a variation in job numbers can be expected based on a [VE's] methodologies, sources, and experiences." Tr. 21.  In response to Plaintiff's Motion, Defendant stresses the fact that Plaintiff's counsel did not question the VE about his sources or methodology at the hearing before the ALJ.

---

[4] Defendant asserts that Plaintiff's argument that the ALJ did not address Plaintiff's objections to the VE's job numbers is patently false.  However, it is obvious that what Plaintiff is arguing is that the ALJ did not address the *substance* of Plaintiff's post-hearing submission.  And Plaintiff is correct in that regard.

4

As an initial matter: (1) the VE was not obligated to disclose his sources and methodology at the hearing given that nobody asked him to do so; and (2) had the ALJ issued her decision before Plaintiff's post-hearing submission, the VE's testimony, although brief, would have been enough on its own to count as substantial evidence to support the ALJ's step-five determination (even though the VE did not address his sources or methodology). *See Screen v. Acting Comm'r of Soc. Sec.*, No. 24-11756, 2025 WL 2460346, at *2-3 (11th Cir. Aug. 27, 2025). After all, a VE's "testimony that is neither challenged nor contradicted 'may count as substantial evidence even when unaccompanied by supporting data.'" *Id.* at *3 (quoting *Biestek*, 587 U.S. at 105).

However, Plaintiff's post-hearing submission does appear to *contradict* the VE's testimony (and Defendant has not argued otherwise in his response to Plaintiff's Motion). So the issue, as framed by the parties, seems to turn on whether the ALJ needed to consider the substance of Plaintiff's post-hearing submission (i.e., the job numbers presented in the attachments thereto) when Plaintiff's counsel did not cross-examine the VE regarding his sources and methodology at the hearing despite having the opportunity to do so. The ALJ did need to take into account the substance of Plaintiff's submission given that it seemingly conflicted with the VE's testimony.

Significantly, the Social Security Administration is bound by SSR 96-9p,[5] which provides, "[w]henever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision." SSR 96-9p at n.8. And Plaintiff did just that; she responded to VE evidence prior to the issuance of the ALJ's decision. While Defendant implies that Plaintiff also needed to inquire regarding the VE's sources and methodology at the hearing, Defendant

---

[5] "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990) (citation omitted); *see also Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1324 n.12 (11th Cir. 2020); 20 C.F.R. § 402.160(b)(1) ("Social Security Rulings . . . are binding on all components of SSA.").

points to no authority that imposes such a requirement.⁶  To be sure, Plaintiff's position would undoubtedly be stronger if her counsel had asked at least some general questions about the VE's sources and methodology at the hearing.  *Cf. Goode*, 966 F.3d at 1284 n.3.  But what matters is that Plaintiff raised her challenge to the ALJ before the issuance of the ALJ's decision.

The Ninth Circuit has explained that "[s]ocial security disability claimants must raise challenges to the accuracy of a VE's job-number estimates 'at some point during administrative proceedings to preserve the challenge on appeal in federal district court.'"  *White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022) (quoting *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017)).  And that appears to be generally true in the Eleventh Circuit as well.⁷  However, in cases where the Appeals Council denies review and the social security claimant does not challenge that decision, the Court "will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence."  *Klarner v. Comm'r of Soc. Sec.*, No. 24-11613, 2025 WL 1753548, at *10 (11th Cir. June 25, 2025) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1323-24 (11th Cir. 1998)); *see also Rodriguez*, 118 F.4th 1302, 1315 (11th Cir. 2024) ("When, as here, the 'ALJ denies benefits and the Appeals Council denies review, we review the

---

⁶ In fact, unlike Plaintiff, who cites several cases supporting the specific arguments she makes, Defendant does not cite a single case supporting its arguments.  *Compare* [DE 11] at 14-23, *with* [DE 14] at 9-11.  Rather, the only cases Defendant cites in the portion of its brief pertaining to the step-five job number issue pertain to general propositions rather than the issue at hand.  *See* [DE 14] at 11.  And significantly, one of the cases from this district on which Plaintiff relies – though not binding – found remand to be appropriate under analogous circumstances.  *See Lopez v. O'Malley*, No. 23-60844-CIV, 2024 WL 4881025, at *3-5 (S.D. Fla. Sept. 30, 2024).

⁷ *See, e.g.*, *Acosta v. Acting Comm'r of Soc. Sec.*, No. 24-12495, 2025 WL 1672408, at *2 (11th Cir. June 13, 2025) ("Ms. Acosta did not object to the VE's qualifications, challenge the VE's testimony regarding the number of available jobs, or present any contrary jobs data either to the ALJ or to the Appeals Council. We therefore need not consider the jobs-data evidence that she submitted for the first time to the district court. On this record, the ALJ was not required to independently consult data from the occupational employment and wage statistics.").

ALJ's decision as the Commissioner's final decision." (alteration adopted) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001))).

Here, Plaintiff presented her conflicting jobs numbers to the ALJ prior to the issuance of the ALJ's decision, and the ALJ refused to address the substance of Plaintiff's submission. Without some explanation from the ALJ as to why Plaintiff's job numbers are not probative or why the VE's job numbers are more reliable (or some other explanation that a reasonable person would find is adequate to support the ALJ's conclusion), the Court cannot find that the ALJ's step-five finding is supported by substantial evidence.[8]  Therefore, this matter will be remanded for further administrative proceedings.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiff's Motion [DE 11] is **GRANTED** and Defendant's Motion [DE 14] is **DENIED**.  The Court will enter a separate Final Judgment **reversing and remanding** the final decision of the Commissioner.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 26th day of January 2026.

*[signature: Jared Strauss]*
Jared M. Strauss
United States Magistrate Judge

---

[8] *Cf. Prince v. Berryhill*, No. 17-61255-CIV, 2018 WL 11346752, at *4 (S.D. Fla. June 21, 2018) ("Because the ALJ is tasked with developing a full and fair record, which includes the vocational evidence, this Court concludes that the Commissioner's findings at step five were not supported by substantial evidence where there was insufficient explanation regarding Plaintiff's post-hearing objections and rebuttal evidence. Ultimately, the Court finds that the ALJ failed to properly address Plaintiff's written post-hearing objections and rebuttal evidence. The manner in which these objections were addressed was limited to procedural discussions; there was no substantive discussion. This limited addressal prejudiced Plaintiff and inhibited the development of a full record.").